UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MICHELLE GOULDING,

        Petitioner,                           Civ. No. 20-8739 (KM)

        v.

U.S. BANK NATIONAL ASSOCIATION,         **OPINION**

        Respondent.
_____

**KEVIN MCNULTY, U.S.D.J.**

**I.    INTRODUCTION**

Petitioner, Michelle Goulding, is proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), the Court must screen the petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the petition will be dismissed.

**II.    BACKGROUND**

It appears that in 2013, Respondent, United States Bank National Association ("U.S. Bank), initiated a state action against Petitioner seeking to foreclose on her residential property. (DE 1 at 2–3.) It is not expressly stated that this action resulted in a final judgment of foreclosure upon Petitioner's property, the petition implies that this is the case. On July 13, 2020, Petitioner filed this petitioner for a writ of habeas corpus to "remedy the unlawful foreclosure." (*Id.* at 1.) The petitioner alleges that several constitutional violations occurred during her state court foreclosure proceedings, rendering the judgment improper, and she requests that this Court grant her relief from that judgment. (*Id.* at 1.)

### III.  STANDARD OF REVIEW

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *accord Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985); *Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008). Under Rule 4, a district court must examine a habeas petition prior to ordering an answer to determine whether "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also* 28 U.S.C. § 2243; *McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### IV.  DISCUSSION

To invoke habeas corpus review by a federal court, a petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody pursuant to the judgment of a State court," and (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The "in custody" requirement is "the passport to federal habeas corpus jurisdiction." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir. 2016) (quoting *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody'

under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91.  While this does not require that a person be "*physically* confined," the Supreme Court has never extended the "in custody" requirement "to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492 (emphasis added); *cf. Jones v. Cunningham*, 371 U.S. 236, 241 (1963) (holding that an individual placed on parole was "in custody"); *Bonser*, 659 F. App'x at 128 (recognizing that person may be "in custody" if they are "subject to conditions . . . such as supervised release, parole, or community service that significantly restrain [their] liberty." (internal quotation marks and citation omitted)). Additionally, "[c]ollateral consequences, that is, those consequences with negligible effects on a petitioner's physical liberty of movement, by definition do not severely restrain individual liberty." *Bonser*, 659 F. App'x at 128 (internal quotation marks and citation omitted); *see also Maleng*, 490 U.S. at 492 ("collateral consequences of [a] conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.").

Petitioner here, Ms. Goulding, is not "in custody" pursuant to a state court judgment. She is not physically detained and does not allege any physical restraints on her liberty. Rather, she is alleging an improper foreclosure on her property. Moreover, she is not challenging a state court conviction but a civil forfeiture action. This is not the type of restraint on liberty that renders a petitioner "in custody" for purposes of a habeas corpus petition. *See Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (per curiam) (finding that individual seeking habeas relief from a state foreclosure action was not "in custody"). Accordingly, Petitioner does not meet the jurisdiction requirements necessary for habeas relief under § 2254.

The Court will therefore dismiss the petition.

## V.   CERTIFICATE OF APPEALABILITY

A petitioner may appeal from a final order in a habeas proceeding only where he or she has "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I find that jurists of reason would not disagree with the conclusion that Petitioner is not "in custody" pursuant to a state court judgment and therefore, is not entitled to habeas relief. Accordingly, I will decline to grant a certificate of appealability.

## VI.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE 1) is dismissed. A separate order accompanies this Opinion.

DATED:  September 10, 2020

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge